IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:23-cr-00188

MARK HOLDREN
COREY SNYDER
JOHNATHAN WALTERS
CHAD LESTER

MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Mark Holdren's Motion for Revocation of Detention Order and Release of Defendant with Conditions, [ECF No. 77], Defendant Corey Snyder's Motion for Revocation of Detention Order and Release of Defendant with Conditions, [ECF No. 84], Defendant Jonathan Walters Motion for Revocation of Detention Order and Release of Defendant with Conditions, [ECF No. 90], and Defendant Chad Lester's Motion to Amend or Revoke Magistrate Judge's Detention Order, [ECF No. 87]. After careful consideration, the Court **DENIES** each Defendant's motion, and **ADOPTS** the Magistrate Judge's Orders to detain each Defendant.

I.  Background

The United States brought an 18-count indictment, in part against Defendants Holdren, Snyder, Lester, and Walters. Defendant Holdren is charged in Counts 1, 2,

4, 6, 12, and 15 with, respectively, conspiracy against the rights of another, in violation of 18 U.S.C. § 241; aiding and abetting deprivation of rights under color of law, in violation of 18 U.S.C. § 242; conspiracy to obstruct law enforcement investigating a potential federal offense, in violation of 18 U.S.C. § 1512(k); tampering with a witness, in violation of 18 U.S.C. § 1512; making a false entry in an official report, in violation of 18 U.S.C. § 1519; and making false statements to FBI Agents, in violation of 18 U.S.C. § 1001.

Defendant Snyder is charged in Counts 1, 2, 4, 7, and 16 with conspiracy against rights of another, in violation of 18 U.S.C. § 241; aiding and abetting the deprivation of rights under color of law, in violation of 18 U.S.C. § 242 and 2; tampering with a witness, victim, or informant, in violation of 18 U.S.C. § 1512(k); intimidation or force against witness, in violation of 18 U.S.C. § 1512(b)(3); and making false, fictitious, and fraudulent statements to FBI agents in violation of 18 U.S.C. § 1001.

Defendant Walters is charged in Counts 1, 2, 4, 8, and 11 with conspiracy against rights of another, in violation of 18 U.S.C. § 241; aiding and abetting the deprivation of rights under color of law, in violation of 18 U.S.C. § 242 and 2; tampering with a witness, victim, or informant, in violation of 18 U.S.C. § 1512(k); intimidation or force against witness, in violation of 18 U.S.C. § 1512(b)(3); and making a false entry in an official report, in violation of 18 U.S.C. § 1519.

Finally, Defendant Lester is charged in Counts 4, 5, and 14 of the indictment with tampering with a witness, victim, or informant, in violation of 18 U.S.C. §

1512(k); intimidation or force against witness, in violation of 18 U.S.C. § 1512(b)(3); and making false, fictitious, and fraudulent statements, in violation of 18 U.S.C. § 1001.

The Government previously moved for a detention hearing, and on December 5, 2023, Defendants Holdren, Snyder, Walters, and Lester appeared before United States Magistrate Judge Omar Aboulhosn for the purposes of a preliminary hearing and detention hearing. Following that hearing, Magistrate Judge Aboulhosn ordered that each Defendant be detained pending trial. *See* [ECF Nos. 44, 46, 53, 58]. For each Defendant, Magistrate Judge Aboulhosn found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id.* Defendants Holdren, Snyder, Walters, and Lester each filed a motion to revoke the Magistrate Judge's Detention Order and to be released pending trial. *See* [ECF Nos. 77, 84, 97, 90]. The Court held a motion hearing as to Defendants Holdren, Snyder, Walters, and Lester, on January 3, 2024. *See* [ECF No. 121].

## II. Legal Standard

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). "If a person is ordered detained by a magistrate judge, . . . [the defendant] may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18

3

U.S.C. § 3145(b). This Court reviews a magistrate judge's detention order *de novo*, pursuant to 18 U.S.C. § 3145 and *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release.").

Pursuant to 18 U.S.C. § 3142(b), the Court must order that a defendant be released subject to certain conditions, unless the judicial officer determines that no condition or set of conditions will "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The factors to be considered include: "(1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community." *Stewart*, 19 F. App'x at 48 (quoting 18 U.S.C. § 3142(g)).

### III. Discussion

I have considered each of these factors as to each defendant, Mr. Holdren, Mr. Snyder, Mr. Walters, and Mr. Lester, individually. Here, it is difficult for the Court to imagine more serious charges and circumstances than those presented by the indictment as to each Defendant. The violation of civil rights resulting in the death of an inmate at the hands of law enforcement officers through their misconduct, as

well as criminal conspiracy related thereto, intimidation of witnesses, and obstruction of justice, would by any measure be considered at the outer edges of serious offenses.

Here, the Government proffers that each Defendant, other than Mr. Lester, engaged in violent conduct against a helpless and shackled inmate in their custody and control. The strength of that evidence appears to be good. The Government proffers witness testimony, including testimony by others who pleaded guilty to participation in the events surrounding these matters and the agreements related thereto. The government proffer of multiple witnesses, including witnesses who have pleaded guilty and observed and participated in the beating of a defendant in their custody and control, against each Defendant is very strong. As to the intimidation and tampering of witnesses, the evidence proffered against each Defendant is likewise extraordinarily weighty.

I have considered the health, history, and the characteristics of each of the defendants individually. The history and characteristics of each Defendant weighs in their favor. Their past known participation in their own communities is good. Each offers nearly spotless records, and all circumstantial evidence points to close ties to the community.

I am most concerned with the danger to the community. Obstruction of justice presents a serious danger to the community justifying detention. *See, e.g., United States v. DeGrave*, 539 F. Supp. 3d 184, 199 (D.D.C. 2021) (collecting cases). Some of these law enforcement officers are facing crimes that carry life sentences, and the

Government has proffered that Defendants Holdren, Snyder, and Walters are capable of killing a person in their custody and control while acting in concert, one with the other. Moreover, the Government proffers substantial evidence against each Defendant, including Defendant Lester, of threats and intimidation of witnesses and potential witnesses as well as conspiratorial, coercive, and threatening behavior toward the victim and/or other employees of the correctional facility. I find that persons accused of such serious crimes with such serious penalties, who are willing to make explicit threats of violence, to be particular dangers to the system of justice, and therefore to the community.

As to each individual, I adopt these statements. I add as to Mr. Holdren, Mr. Walters, and Mr. Snyder, and each of them individually, that the Government proffers were extensive, including witness accounts of their use of force against victim Q.B., witness accounts of their threats to use physical force against witnesses, and witness accounts of video evidence that contradicts the statements that each Defendant provided to the FBI.

As to Mr. Lester, I adopt my previous statements. I add that there is weighty evidence that he engaged in a leadership role in the coverup, and the nature of his threats were such as to indicate a willingness to engage in very substantial violence as well as more conventional workplace retaliation.

Based on the proffers made by the United States, and after considering (1) the nature and circumstances of the offenses, (2) the weight of the evidence as to each offense and each Defendant, (3) the history and characteristics of each Defendant,

and (4) the nature and seriousness of the danger to any other person or the community that would be posed if any individual Defendant were released, the Court finds by clear and convincing evidence that there are no conditions of release that will reasonably assure the appearance of any of these Defendants as required and that will reasonably assure the safety of others or the community. Accordingly, I order Defendants Holdren, Snyder, Walters, and Lester to be detained pending trial.

## IV. Conclusion

I **FIND** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community as to each Defendant Mr. Holdren, Mr. Snyder, Mr. Walters, and Mr. Lester, individually. I **DENY** each Defendant's Motion, [ECF Nos. 77, 84, 87, 90], and I **ADOPT** each of the Magistrate Judge's Orders to Detain each Defendant pending further proceedings, [ECF Nos. 44, 46, 53, 58].

Accordingly, the Court **ORDERS** that the defendants, Mark Holdren, Corey Snyder, Chad Lester, and Jonathan Walters, continue to be detained and are remanded to the custody of the United States Marshal pending trial in this matter. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to each Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 4, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7