IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>MARK HOLDREN,   )<br>COREY SNYDER,   )<br>JOHNATHAN WALTERS,   )<br>CHAD LESTER   )<br>JACOB BOOTHE,   )<br>    and   )<br>ASHLEY TONEY   )<br>    Defendants.   ) | Case No. 5:23-cr-188 |

## UNITED STATES' REPLY TO DEFENDANT LESTER'S RESPONSE TO UNITED STATES' MOTION FOR CONTINUANCE

Comes now the United States of America, by Monica D. Coleman, Assistant United States Attorney for the Southern District of West Virginia, and files this reply to defendant Lester's Response to the United States' Motion for Continuance. ECF No. 132.

In his response to the United States' Motion for Continuance, defendant Lester first states that he would not oppose the United States' motion if he was released on bond. Defendant Lester is detained because this Court found by clear and convincing evidence that there are no conditions of release that will reasonably assure the appearance of defendant Lester and will reasonably assure the safety of others or the community. ECF No. 123. The motion to continue on behalf of the United States and defendant Lester's co-defendants does not have any bearing on these findings by the Court and is certainly not a basis to grant bond.

1. *United States Motion for a Brief Continuance*

In opposing the United States' motion for a brief continuance of the April 30, 2024 trial, Defendant Lester states that he is "simply" standing on his rights under the Speedy Trial Act and the Sixth Amendment to the Constitution to have trial commence within 70 days of "his

arraignment." ECF No. 132. The Speedy Trial Act requires a defendant's trial to commence with 70 days from "the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States,* 476 U.S. 321, 323 n. 2 (1986); *United States v. Jarrell,* 147 F.3d 315, 316 (4th Cir. 1998) ("[T]ime excludable for one defendant is excludable for all defendants."). If one co-defendant files a motion to continue and the district court grants it, then that time is excluded as to all co-defendants regardless of whether a motion to sever has been filed. *United States v. Sarno,* 24 F.3d 618, 622 (4th Cir. 1994).

In this case, the indictment in the matter was unsealed upon the arrest of defendant Lester and three of his co-defendants on November 30, 2023, which is the same date the four made their initial appearances before this Court. However, defendants Toney and Boothe made their first appearance before this Court on December 5, 2023. Thus, defendant Lester's speedy trial clock began on December 5, 2023. *Henderson*, 476 U.S. at 323 n. 2. On December 28, 2023, defendant Toney filed a motion to continue the trial and related dates, which motion was joined by defendant Lester and the other co-defendants. ECF No. 118. Based on the filing of the motion to continue, defendant Lester's speedy trial clock was tolled on December 28, 2023. *See* 18 U.S.C. § 3161(h)(1)(D) (the speedy trial clock is tolled from the date of the filing of the motion to the prompt disposition of the motion). On December 29, 2023, this Court entered an Order granting the motion to continue and continued the trial until April 30, 2024. ECF No. 120. In its Order, this Court specifically found that the time between January 23, 2024, and April 30, 2024,

2

was excludable from the computation of time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7).

Based on the above, defendant's speedy trial clock ran from December 5, 2023, through December 27, 2023, which amounts to 22 days. The trial clock also ran from December 29, 2023, to January 22, 2024, which amounts to another 25 days for a total of 47 countable days against defendant Lester's speedy trial clock. Thus, the United States' request for a brief continuance would not run afoul of defendant Lester's rights under the Speedy Trial Act. Even a continuance until May 13, 2024, to accommodate Mr. Carey's plans as they relate to his son's wedding, would amount to only 60 days of countable time under the Speedy Trial Act and not violate defendant Lester's speedy trial rights. Therefore, the United States would respectfully request that the Court continue the trial until at least May 13, 2024.

2. Co-defendants' Motion for a 60-Day Continuance

The Speedy Trial Act allows "the district court to grant a continuance on the basis of its finding that 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Reavis*, 48 F.3d 763, 770 (4th Cir. 1995) (*quoting* 18 U.S.C. § 3161(h)(8)(A)). In *Reavis*, the Fourth Circuit held that the defendant's rights under the Speedy Trial Act were not violated when the Court granted, over the defendant's objection, the government's motion to continue the defendant's trial to that of his co-defendants in the hope of avoiding multiple trials. *Id*. at 770-71. The Fourth Circuit found that the district court properly considered the four factors listed in § 3161(h)(8)(B) and that most relevant to Reavis' case was the second of those four factors which asks, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Reavis,* 48 F.3d at 771 (*quoting* 18 U.S.C. § 3161(h)(8)(B)(ii)). The Fourth Circuit specifically stated that it was reluctant to find that the Speedy Trial Act had been violated "[i]n a case with six defendants, eight attorneys, a thirty-three count indictment, and the possibility of prosecution under a seldom-used federal death penalty statute, if the district court [determined] that the ends of justice" would be served "by granting a continuance. . . ." *Id* at 771 (citing *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992)).

Defendant Lester's co-defendants have moved the Court for a 60-day continuance to allow them to fully prepare for trial in this matter and thoroughly review the voluminous discovery which the United States provided. Because the United States has an interest in protecting the integrity of the trial in this matter to ensure a fair trial for all of the defendants, the United States has no objection to this request to allow defense counsel adequate time for preparation and meetings with their clients. This case involves six defendants, seven defense attorneys, an 18-count indictment, voluminous discovery, and prosecution under a statute that exposes defendant Lester's co-defendants to life in prison. Based on these facts, this Court should find that the ends of justice that would be served in granting a continuance to allow the numerous defendants and their attorneys time to prepare for a complex trial involving significant statutory expose outweigh the best interest of the public and defendant Lester in a speedy trial.

Moreover, "there is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011) (*quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also United States v. Brugman,* 655 F.2d 540, 542 (4th Cir. 1981) ("[B]arring special circumstances, individuals indicted together should be tried together."). The Fourth Circuit adheres to the well-established principle that defendants who are charged in the same criminal conspiracy, such as defendant Lester and his co-defendants, should be tried together. *See Zafiro v. United States,* 506 U.S. 534, 537 (1993); *Brooks,* 957 F.2d 1138, 1145 (4th Cir 1992); *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir. 1983). Joint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy. *Reavis*, 48 F.3d at 767 (citing *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992). The party moving for severance must establish that actual prejudice would result from a joint trial, *United States v. Brooks,* 957 F.2d 1138, 1145 (4th Cir. 1992), and not merely that "a separate trial would offer[] a better chance of acquittal." *United States v. Spitler,* 800 F.2d 1267, 1271 (4th Cir. 1986). The Fourth Circuit will only find an abuse of discretion in the denial of a severance motion when the denial "'deprives the defendant of a fair trial and results in a miscarriage of justice.'" *Reavis*, 48 F.3d at 767 (*quoting United States v. Rusher,* 966 F.2d 868, 878 (4th Cir. 1992)).

Here, there would be no deprivation of defendant Lester's right to a fair trial or a miscarriage of justice by granting the 60-day continuance requested by his co-defendants. As stated above, the ends of justice would be served by granting the 60-day continuance requested by the other defendants in this matter. Defendant Lester is charged in a conspiracy with all five of his co-defendants to tamper with witnesses in violation of 18 U.S.C. § 1512(k). ECF No. 4 at

5

7-9. Judicial economy demands that defendant Lester be tried with his co-defendants in order to avoid two trials with the same witnesses and the same evidence.

For the reasons stated above, the United States respectfully requests that the Court grant its motion for a continuance of the trial in this matter.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By: /s/ Monica D. Coleman
MONICA D. COLEMAN
Assistant United States Attorney
WV Bar No. 8536
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: monica.coleman@usdoj.gov


KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
U.S. DEPARTMENT OF JUSTICE

By: /s/ Christine M. Siscaretti
CHRISTINE M. SISCARETTI
Deputy Chief for Operations
Matthew Tannenbaum
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Ave NW   Washington, DC 20530
Phone: (202) 598-9605
FAX: (202) 514-8336
E-mail: christine.siscaretti@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "United States' Reply to Defendant Lester's Response to United States' Motion for Continuance" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 20th day of March, 2024.

David O. Schles
Suite 306
815 Quarrier Street
Charleston, WV 25301
304/344-1559
304/344-2339 (fax)
schleslaw@gmail.com
*Counsel for Mark Holdren*

Richard M. Gunnoe
GUNNOE LAW OFFICE
300 West Randolph Street
Lewisburg, WV 24901
304-645-2222
304-645-2272 (fax)
gunnoelawoffice300@frontier.com
*Counsel for Corey Snyder*

Edmund J. Rollo
44 High Street
Morgantown, WV 26505
304-296-2558
edmundjrollo@hotmail.com
*Counsel for Johnathan Walters*

S. Benjamin Bryant
CAREY DOUGLAS KESSLER & RUBY
P. O. Box 913
Charleston, WV 25323
304-345-1234
304-342-1105 (fax)
sbbryant@cdkrlaw.com
*Counsel for Chad Lester*

John Joseph Balenovich
JOHN J. BALENOVICH LAW OFFICES
Suite 100
1554 Kanawha Boulevard, East
Charleston, WV 25311
304-541-0404
304-407-7092 (fax)
john@wvlitigator.com
*Counsel for Jacob Boothe*

Wesley P. Page
FEDERAL PUBLIC DEFENDER'S OFFICE
Room 3400
300 Virginia Street East
Charleston, WV 25301
304-347-3350
304-347-3356 (fax)
wesley_page@fd.org
*Counsel for Ashley Toney*

    /s/ Monica D. Coleman
MONICA D. COLEMAN
Assistant United States Attorney
WV Bar No. 8536
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:   304-345-2200
Fax: 304-347-5104
Email:   monica.coleman@usdoj.gov