**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:23-cr-188 |
| | ) | |
| MARK HOLDREN, | ) | |
| COREY SNYDER, | ) | |
| JOHNATHAN WALTERS, | ) | |
| and | ) | |
| CHAD LESTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MODIFIED PROTECTIVE ORDER AS TO**
**DEFENDANTS HOLDREN, SNYDER, WALTERS, AND LESTER**

This matter is before the Court upon the Joint Motion of defendants MARK HOLDREN,

COREY SNYDER, JOHNATHAN WALTERS, and CHAD LESTER for Modification of the

Protective Order this Court entered on January 11, 2024. In response to this motion, the United

States proposed alternative modifications. After a hearing on this Motion, the parties have agreed

to the modifications to the Protective Order as to defendants HOLDREN, SNYDER, WALTERS,

and LESTER. Accordingly, this Court **GRANTS** the Joint Motion for Modification of Protective

Order (ECF No. 127) and **ORDERS** as follows:

(1)     There is good cause to believe, based upon information provided and believed to

be reliable, that the dissemination of discovery may jeopardize the privacy and safety of

cooperating witnesses, and risk the integrity of the jury venire.

(2)     There is good cause to believe that the restriction of certain discovery information

under the terms set forth in this Order, will ensure the privacy and safety of the participating

witnesses, and preserve the integrity of the discovery process, the jury venire, and serve the ends

of justice, while allowing the defendant access to disclosure of evidence, and to adequately assist

counsel in the preparation of a defense. It is **ORDERED** that all items that are disclosed by the

United States to the defendant's counsel, including audio and video recordings, shall be considered

CONFIDENTIAL.

(3)     It is further **ORDERED** that all items which are disclosed to the defendant's counsel shall be subject to the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. Restricted Access materials shall not be copied or published to any person whose knowledge of the same is not necessary to the preparation of the defense. Restricted Access materials shall be used only in preparation of the defense. Upon request, all copies of Restricted Access material shall be returned to the Government or destroyed at the close of the case.

(4)     It is further **ORDERED** that, with the exceptions noted in paragraphs 6 and 7, the Restricted Access materials will be maintained by counsel. The defendant shall not be permitted to retain possession of Restricted Access materials, or copies thereof, under any circumstances.

(5)     It is further **ORDERED** that counsel for the defendant, including representatives, agents and staff of counsel, are prohibited from providing access to Restricted Access discovery to the defendant, or any representative, or any agent of the defendant, or to any person not directly associated with the legal representation of the defendant, except under the terms set forth in the Order.

(6)     With regard to defendants HOLDREN, SNYDER, WALTERS, and LESTER (who have been ordered detained pending trial in this matter), it is further **ORDERED** that the discovery materials will be placed on a secure, password-protected laptop ("the discovery laptop") which will be maintained at the Carter County Detention Center. The following functions on the discovery laptop will be disabled: any functions allowing information to be downloaded from it, including via the internet, CD or USB; any function that allows an internet connection, including but not limited to the computer's network card and network boot; and any applications for personal notetaking, including Microsoft Word, WordPerfect, Sticky Notes. No other electronic equipment, aside from the computer (and a carrying case and electrical charging cord), will be provided to the detention facility and the defendants. Prior to providing the discovery laptop to the detention facility, and at any point during the defendant's discovery review, counsel for the government will

be allowed to inspect the contents and functioning of the discovery laptop.

(7)     It is further **ORDERED** that, in between usage by any defendant, the discovery laptop must be kept in a secure location within the Carter County Detention Center to which only Chief Shawn Moore or his designee has access. Chief Moore (or his designee) will provide the discovery laptop to one defendant at a time to view individually. Chief Moore or his designee will further maintain an activity log to track each defendant's usage of the laptop. The activity log shall also include the time and date the discovery laptop was used, who provided the discovery laptop to the defendant, and any information of conduct or access to materials that violates or could violate this order. If a defendant keeps written notes of his review of the contents of the discovery laptop, Chief Moore or his designee will maintain each defendant's notes separately and in a secure location with the discovery laptop.

(8)     It is further **ORDERED** that the **CONFIDENTIAL** status and attendant restrictions on certain discovery apply equally to counsel for defendant and to the defendant. Counsel for defendant shall inform his client of the potential penalties for violations of a Protective Order contained in Rule 16(d)(2) of the Federal Rules of Criminal Procedure, and that any violation of a

2

Protective Order may be punished as contempt.

Entered this __8__ of __May__ , 2024.

_____

Omar J. Aboulhosn
United States Magistrate Judge

3