IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                        Case No. 5:23-cr-00188

**MARK HOLDREN,
COREY SNYDER,
JOHNATHAN WALTERS,
and CHAD LESTER**

### SECOND MODIFIED PROTECTIVE ORDER AS TO DEFENDANTS HOLDREN, SNYDER, WALTERS, AND LESTER

This matter is before the Court upon the Joint Motion of the parties for Modification of the Protective Order this Court entered on May 8, 2024. ECF No. 138. The parties have agreed to further modifications to the Modified Protective Order as to defendants HOLDREN, SNYDER, WALTERS, and LESTER. Accordingly, this Court GRANTS the Joint Motion for Modification of Protective Order (ECF No. ___) and ORDERS as follows:

1) There is good cause to believe, based upon information provided and believed to be reliable, that the dissemination of discovery may jeopardize the privacy and safety of cooperating witnesses, and risk the integrity of the jury venire.

2) There is good cause to believe that the restriction of certain discovery information under the terms set forth in this Order, will ensure the privacy and safety of the participating witnesses, and preserve the integrity of the discovery process, the jury venire, and serve the ends of justice, while allowing

the defendant access to disclosure of evidence, and to adequately assist counsel in the preparation of a defense. It is ORDERED that all items that are disclosed by the United States to the defendant's counsel, including audio and video recordings, shall be considered CONFIDENTIAL.

3) It is further ORDERED that all items which are disclosed to the defendant's counsel shall be subject to the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. Restricted Access materials shall not be copied or published to any person whose knowledge of the same is not necessary to the preparation of the defense. Restricted Access materials shall be used only in preparation of the defense. Upon request, all copies of Restricted Access material shall be returned to the Government or destroyed at the close of the case.

4) It is further ORDERED that, with the exceptions noted in paragraphs 6, 7, and 8, the Restricted Access materials will be maintained by counsel. The defendant shall not be permitted to retain possession of Restricted Access materials, or copies thereof, under any circumstances.

5) It is further ORDERED that counsel for the defendant, including representatives, agents and staff of counsel, are prohibited from providing access to Restricted Access discovery to the defendant, or any representative, or any agent of the defendant, or to any person not directly associated with the

legal representation of the defendant, except under the terms set forth in the Order.

6) With regard to defendants HOLDREN, SNYDER, WALTERS, and LESTER (who have been ordered detained pending trial in this matter), it is further ORDERED that the discovery materials as to each defendant will be placed on a secure, password-protected USB drive or external hard drive capable of being connected to a computer using a USB cable ("the discovery drive") unique to each defendant provided by the defendant's attorney which will be maintained at the Carter County Detention Center. Each discovery drive shall be clearly labeled with the name of the defendant whose discovery it contains and equipped with a password provided only to the defendant and his counsel as well as necessary IT staff. Defendants are prohibited from changing the passwords; passwords may be changed by a defendant's attorney and/or IT staff if the password becomes compromised.

7) The discovery drive may be used only in connection with a "discovery laptop" which will also be provided to the Carter County Detention Center. The discovery laptop will be specifically configured for use of the discovery drives as follows:

   a. The discovery laptop shall have all wifi/internet/Bluetooth/networking capabilities disabled;

   b. The discovery laptop will be pre-loaded only with basic software that permits a user to view most common discovery media, e.g., PDF files and

audio/video recordings (but not proprietary software or complex discovery review software such as Cellebrite) and other applications inherently intrinsic to the ordinary operation of the laptop;

c. The discovery laptop shall be configured to reset upon being restarted such that no changes may be made by the defendants and anything saved to the laptop will be deleted;

d. The discovery laptop may contain basic Windows software such as Notepad and/or WordPad that would allow a defendant to make typewritten notes, which notes may be saved to that defendant's discovery drive. Because the discovery laptop must be restarted and wiped following each use, typewritten notes cannot be saved on the discovery laptop;

e. No other electronic equipment, aside from the discovery laptops (and carrying cases and electrical charging cords) and discovery drives, will be provided to the detention facility and the defendants.

f. Prior to providing the discovery laptops and discovery drives to the detention facility, and at any point during the defendant's discovery review, counsel for the government will be allowed to inspect the contents and functioning of the discovery laptop. Counsel for the government may not, however, inspect a defendant's handwritten or

      typewritten notes without leave of Court given upon a showing sufficient to overcome the legal protection of the work product doctrine.

8) It is further ORDERED that, when not in use by any defendant, all discovery laptops and discovery drives must be kept in a secure location within the Carter County Detention Center to which only Chief Shawn Moore or his designee has access. Chief Moore (or his designee) will provide a discovery laptop to one defendant at a time along with that defendant's discovery drive to view individually. Chief Moore (or his designee) shall restart the discovery laptop following each use by a defendant and confirm that the discovery laptop has been appropriately wiped and reset to its original configuration. Chief Moore (or his designee) will further maintain an activity log to track each defendant's usage of the laptop and drive. The activity log shall also include the time and date the discovery laptop and drive were used, who provided the discovery laptop and drive to the defendant, who restarted the discovery laptop, and any information of conduct or access to materials that violates or could violate this order. If a defendant keeps handwritten notes of his review of the discovery, Chief Moore or his designee will maintain each defendant's notes separately and in a secure location with the discovery laptops and discovery drives.

9) It is further ORDERED that the CONFIDENTIAL status and attendant restrictions on certain discovery apply equally to counsel for defendant and to the defendant. Counsel for defendant shall inform his client of the potential

penalties for violations of a Protective Order contained in Rule 16(d)(2) of the Federal Rules of Criminal Procedure, and that any violation of a Protective Order may be punished as contempt.

Entered this \_\_\_\_ day of _____, 2024.

OMAR J. ABOULHOSN
United States Magistrate Judge