IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                    Case number: 5:23-cr-00188-01

MARK HOLDREN

### DEFENDANT HOLDREN'S MOTION FOR CONTINUANCE

Defendant Mark Holdren, by counsel, moves for a continuance of the trial and all associated events, including the deadline for filing of pretrial motions and the hearing on pretrial motions. This continuance is necessary to permit Mr. Holdren and counsel to prepare for both pretrial proceedings and the trial in this matter. Thus far, the government has provided four rounds of discovery disclosures to the defendants. The disclosures include 8957 pages of Bates stamped documents disclosed to the defendants jointly and, as to Mr. Holdren, several hundred additional pages disclosed to him individually. In addition, the disclosures include a very large volume of electronic discovery, including numerous surveillance videos, a great many recorded interviews with a great number of potential witnesses, and recorded phone calls.

Additionally, on May 10, 2024, the government provided defendants with notice that it intends to present opinion testimony at trial. One government expert will testify as to forensic pathology and offer opinions as to the injuries and cause of death of Quantez Burks. Another witness will testify as to the training provided to correctional officers by the West Virginia Division of Corrections and Rehabilitation regarding use of force, defensive tactics, and report writing. Mr. Holdren requires additional time to evaluate the anticipated testimony from these

government witnesses and to obtain and consult with qualified experts to address the issues for which the government intends to offer opinion testimony. The government has also notified the defendants that it may call additional experts to testify at trial.

The Speedy Trial Act allows "the district court to grant a continuance on the basis of its finding that 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Reavis*, 48 F.3d 763, 770 (4th Cir. 1995) (quoting 18 U.S.C. § 3161(h)(8)(A)). In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court outlined four criteria that are relevant in weighing the need for a continuance versus a defendant's constitutional right to a speedy trial:

--the length of the delay

--the reason for the delay

--a defendant's assertion of his right to a speedy trial

--the prejudice, if any, the defendant suffered by the delay.

*Id*. at 530.

Importantly, the Court stated that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id*. at 531. This case certainly falls into the latter category. Mr. Holdren has been charged with six separate offenses, including two legally and factually distinct conspiracy counts and potentially faces being incarcerated for the remainder of his life. This matter also implicates a number of complex legal issues which are not routinely encountered in run of the mine criminal cases. Mr. Holdren is therefore requesting at least an additional ninety days to prepare for this highly complex case involving a massive volume of discovery which places him in jeopardy of losing his freedom for

life.

A continuance of ninety days duration is not unduly lengthy given the volume of the evidence, the complexity of the issues and the fact that the incident giving rise to this matter occurred on March 1, 2022. The government with its vast resources has had over two years to investigate the facts and prepare for these proceedings while Mr. Holdren is represented by a single appointed counsel who is a sole practitioner with far fewer resources and manpower than possessed by the government, and who has concurrent obligations to numerous other clients, including four other currently ongoing cases for which counsel has been appointed by either this court or the United States Court of Appeals.

As stated, the reason Mr. Holdren seeks the continuance is that he cannot be adequately prepared for pretrial proceedings or the trial as currently scheduled. Not only is the discovery extraordinarily voluminous, Mr. Holdren is incarcerated and has not yet had anywhere near sufficient opportunity to review the discovery in this matter. The protective order has just very recently been modified and it is expected Mr. Holdren will now be afforded opportunity to commence reviewing discovery outside the presence of counsel but that process has not even begun yet.

Mr. Holdren is not asserting any speedy trial right claims, either statutory or constitutional, and believes that even if a co-defendant were to assert speedy trial rights that the ends of justice and the need for Mr. Holdren to have adequate time to prepare his defense outweigh any considerations supporting adhering to the current schedule. This is particularly true where no defendant can establish actual prejudice will result from granting a continuance.

Mr. Holdren is authorized to inform the court that the government does not object to the

requested continuance.

      Wherefore, Mark Holdren respectfully requests that the Court grant his motion for a ninety day continuance of the trial in this matter.

      Respectfully Submitted,
MARK HOLDREN,
By counsel,

**s/ David Schles**
David Schles (WV Bar #6375)
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                  Case number: 5:23-cr-00188-01

MARK HOLDREN

### CERTIFICATE OF SERVICE

    I, David Schles, counsel for defendant, Mark Holdren, do hereby certify that on this 10th day of June, 2024, the foregoing DEFENDANT HOLDREN'S MOTION FOR CONTINUANCE was served upon all parties by CM/EMF electronic filing.

    s/ David Schles
David Schles, WV Bar #6375
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com