IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                  Case number: 5:23-cr-00188-01

MARK HOLDREN

### DEFENDANT HOLDREN'S MOTION FOR CONTINUANCE

Defendant Mark Holdren, by counsel, moves for a continuance of the trial and all associated events including the deadline for filing of pretrial motions and the hearing on pretrial motions. This continuance is necessary to permit Mr. Holdren and counsel to prepare for both pretrial proceedings and the trial in this matter. Thus far, the government disclosures include 8957 pages of Bates stamped documents disclosed to the defendants jointly and, as to Mr. Holdren, several hundred additional pages disclosed to him individually. In addition, the disclosures include a very large volume of electronic discovery, including numerous surveillance videos, a great many recorded interviews with a great number of potential witnesses, and recorded phone calls. Additionally, the court just today entered an order permitting the government to disclose the grand jury transcripts in ths matter but the defendants have not yet received.

The government provided defendants with notice that it intends to present opinion testimony at trial. One government expert will testify as to forensic pathology and offer opinions as to the injuries and cause of death of Quantez Burks. Another witness will testify as to the training provided to correctional officers by the West Virginia Division of Corrections and

Rehabilitation regarding use of force, defensive tactics, and report writing. Mr. Holdren requires additional time to evaluate the anticipated testimony from these government witnesses and to obtain and consult with qualified experts to address the issues for which the government intends to offer opinion testimony. The government has also notified the defendants that it may call additional experts to testify at trial.

The Speedy Trial Act allows "the district court to grant a continuance on the basis of its finding that 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Reavis*, 48 F.3d 763, 770 (4th Cir. 1995) (quoting 18 U.S.C. § 3161(h)(8)(A)). In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court outlined four criteria that are relevant in weighing the need for a continuance versus a defendant's constitutional right to a speedy trial:

--the length of the delay

--the reason for the delay

--a defendant's assertion of his right to a speedy trial

--the prejudice, if any, the defendant suffered by the delay.

*Id*. at 530.

Importantly, the Court stated that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id*. at 531. This case certainly falls into the latter category. Mr. Holdren has been charged with six separate offenses, including two legally and factually distinct conspiracy counts and potentially faces being incarcerated for the remainder of his life. This matter also implicates a number of complex legal

issues which are not routinely encountered in run of the mine criminal cases. Mr. Holdren is therefore requesting at least an additional ninety days to prepare for this highly complex case involving a massive volume of discovery which places him in jeopardy of losing his freedom for life.

Mr. Holdren was indicted and appointed counsel approximately nine months ago. Given the volume of the evidence, the complexity of the issues an additional continuance of sixty days is necessary for counsel to provide effective assistance to Mr. Holdren. With this requested continuance, the trial would commence approximately one year from the indictment which is a shorter period of time than in many cases of similar even lesser complexity and magnitude.

Title 18 U.S.C. §3161(h)(8) provides:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Title 18 U.S.C. §3161(h)(8) (2024).

Here, ends of justice which primarily center on Mr. Holdren's right to effective assistance of counsel and need for sufficient time to prepare for trial outweigh the interests of the public and the defendants in a speedy trial. The government with its vast resources has had over two years

to investigate the facts and prepare for these proceedings while Mr. Holdren is represented by a single appointed counsel who is a sole practitioner with far fewer resources and manpower than possessed by the government, and who has concurrent obligations to numerous other clients, including five other currently ongoing cases for which counsel has been appointed by either this court or the United States Court of Appeals.

As stated, the reason Mr. Holdren seeks the continuance is that he cannot be adequately prepared for pretrial proceedings or the trial as currently scheduled. Not only is the discovery extraordinarily voluminous, Mr. Holdren is incarcerated in Kentucky, has not yet had sufficient opportunity to review the discovery in this matter and meetings with counsel have been limited by the distance and the availability of meeting times at the Carter County Detention Center.

Mr. Holdren is not asserting any speedy trial right claims, either statutory or constitutional, and believes that even if a co-defendant were to assert speedy trial rights that the ends of justice and the need for Mr. Holdren to have adequate time to prepare his defense outweigh any considerations supporting adhering to the current schedule. This is particularly true where no defendant can establish actual prejudice will result from granting a continuance.

Mr. Holdren is authorized to inform the court that the government does not object to the requested continuance. Mr. Holdren is also authorized to inform the court that defendants Snyder and Walters do not object. Undersigned counsel also inquired of counsel for defendant Lester but has not heard from him as of this filing.

Wherefore, Mark Holdren respectfully requests that the Court grant his motion for a sixty day continuance of the trial in this matter.

Respectfully Submitted,
MARK HOLDREN,
By counsel,

**s/ David Schles**
David Schles (WV Bar #6375)
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                              Case number: 5:23-cr-00188-01

MARK HOLDREN

### CERTIFICATE OF SERVICE

I, David Schles, counsel for defendant, Mark Holdren, do hereby certify that on this 3rd day of September, 2024, the foregoing DEFENDANT HOLDREN'S MOTION FOR CONTINUANCE was served upon all parties by CM/EMF electronic filing.

        s/ David Schles
        David Schles, WV Bar #6375
        815 Quarrier Street
        Suite 306
        Charleston, WV 25301
        (304) 344-1559
        Schleslaw@gmail.com