# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:23-cr-00188-1

MARK HOLDREN

## ORDER

At a hearing held on November 13, 2024, the defendant, Mark Holdren, appeared in person and by counsel, David Schles, for the purpose of the defendant's plea to count one of the Indictment filed against him. The United States was represented at the hearing by Will Thompson, Christine Siscaretti, AUSA, and Tenette Smith, AUSA.

The court inquired of the defendant, both personally and through counsel, to determine the defendant's competency. The court found the defendant competent and capable of entering an informed plea.

Mr. Thompson summarized and offered for the court's consideration the entirety of the written plea agreement in this case signed by both the defendant and his counsel. The court reserved acceptance of the plea agreement until sentencing but ordered the original plea agreement filed with the Clerk.

The court then read to the defendant the charge contained in the Indictment. The court inquired as to the defendant's plea. The defendant then pleaded guilty.

The court then read the pertinent portion of 18 U.S.C. § 241. The court explained the elements that the United States would have had to prove had this matter gone to trial. After hearing and considering the defendant's explanation of why he considered himself guilty and hearing evidence from the United States about what it would have been able to prove at trial, the court found that there was a sufficient factual basis for the defendant's plea of guilty.

The court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), of the nature of the charge and of the consequences of pleading guilty to the charge. After explaining thoroughly these items and after hearing and considering the defendant's responses to the court's questions, the court found that the defendant understood the nature of the charge and the consequences of pleading guilty.

The court further informed the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(3), (c)(4), of the constitutional and other legal rights that the defendant was giving up by pleading guilty. After explaining thoroughly these items and after hearing and considering the defendant's responses to the court's questions, the court found that the defendant understood his constitutional and other legal rights.

The court further inquired of the defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(d), to insure that the defendant's plea was voluntary. After hearing and considering the defendant's responses to the court's questions, the court found that the defendant's plea was voluntary.

The defendant further executed a written plea of guilty which was witnessed by his counsel and ordered filed by the court. The court accepted the defendant's plea. Accordingly, the court

**ADJUDGES** the defendant, Mark Holdren, guilty, and the defendant now stands convicted of violating 18 U.S.C. § 241.

The court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the United States and counsel for the defendant no later than **December 27, 2024**; that the United States Attorney and counsel for the defendant file objections to the draft presentence report no later than **January 8, 2025**; that the Probation Office submit a final presentence report to the court no later than **January 22, 2025**; and that the United States and counsel for the defendant file a sentencing memorandum no later than **January 29, 2025**. In their respective sentencing memoranda, the court **ORDERS** the United States and counsel for the defendant to offer any evidence or argument related to a requested sentence or sentencing range in light of *Gall v. United States*, 552 U.S. 38 (2007). The court **SCHEDULES** final disposition of this matter for **February 5, 2025, at 10:00 a.m. in Charleston, West Virginia**.

The court **ORDERS** the defendant detained pending sentencing. The court **DIRECTS** that the defendant be committed to the custody of the United States Marshal for confinement. The court further **DIRECTS** that the defendant be afforded reasonable opportunity for private consultation with counsel. Finally, the court **DIRECTS** that, on order of a court of the United States or on request of an attorney for the United States, the person in charge of the correction facility in which the defendant is confined deliver the defendant for the purpose of an appearance in connection with court proceedings.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 13, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3